UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREAT LAKES INSURANCE SE,
as assignee and subrogee of its insureds,
Stephen Elias and Pamela Elias,

    Plaintiff,

CASE NO.: _____

v.

MASTIQUE II CONDOMINIUM
ASSOCIATION, INC., a Florida not-for-
profit corporation; and P & M PROPERTY
SERVICES, INC., a Florida corporation,

    Defendants.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR A JURY TRIAL

This is an action for damages for breach of a declaration of condominium, for negligence, and for vicarious liability against Mastique II Condominium Association, Inc. ("Mastique"). This action is also for negligence against P & M Property Services, Inc. ("P & M") (Mastique and P & M shall be jointly referred to as the "Defendants"). As further alleged hereinbelow, these claims concern damages to the condominium unit owned by Plaintiff Great Lakes Insurance SE's ("Great Lakes") insureds, Stephen and Pamela Elias ("Insureds"). In its capacity as assignee and subrogee, Great Lakes files this lawsuit for damages and states as follows:

1

## THE PARTIES

1. Plaintiff, Great Lakes Insurance SE, is a foreign corporation with its principal place of business in Munich, Germany, and it is subrogated to the rights of the Insureds to the extent of its payments arising from the loss which is the basis of this suit, as well as assigned any and all claims the Insureds have against the Defendants concerning the property damages outlined below.

2. Defendant Mastique II Condominium Association, Inc. is a Florida not-for-profit corporation with its principal address at 14360 South Tamiami Trail, Unit B, Fort Myers, FL 33912.

3. Defendant P & M Property Services, Inc. is a Florida for profit corporation with its principal address at 2830 Winkler Avenue, Suite 101, Fort Myers, FL 33916.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a)(2), as it is alleged that this action is between citizens of a State and the subject of a foreign state and that the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendants as they have sufficient minimum contacts with this District, including that: they are residents of this District, with their principal addresses located here; they own, manage, and/or

operate real property in the District; and they conduct business in the District, including but not limited to the ownership, operation, and/or management of a condominium building.

6. Under 28 U.S.C. § 1391, venue is proper in this District because, on top of the Defendants' contacts with the District outlined above, a substantial part of the events or omissions giving rise to the claims occurred here, as will be outlined in detail below.

## GENERAL ALLEGATIONS

7. This is an action for damages in excess of $75,000, exclusive of attorney's fees, costs, and pre-judgment interest, premised upon Great Lakes' rights as assignee and subrogee of the Insureds, arising from Defendants' negligence and breach of their obligations under the law and governing declaration of condominium which resulted in harm to the Insureds and Great Lakes.

8. Great Lakes issued an insurance policy to its Insureds, bearing policy number USF1002639 and with an effective period from November 30, 2018 to November 30, 2019 (the "Policy"), concerning the Insureds' real property located at 12601 Mastique Beach Blvd., Unit 904, Fort Myers, FL 33908 (the "Property").[1]

9. At all material times, the Policy was in effect and the Insureds were the owners of the Property.

---

[1] A true and correct copy of the Policy is attached hereto as Exhibit A.

3

10. Mastique is the owner of the building in which the Property is located (the "Building"), as well as the governing condominium association.

11. P & M is the property manager on behalf of Mastique for the Property and the Building.

12. On or about July 18, 2019, water backed up from the kitchen sink in the Property and caused significant damage to the Property.

13. Based on information and well-founded belief, the water backup was the result of the fact that the main stack waste drainage pipe (the "Main Stack"), located between Units 804 and 904 of the Building, failed, clogged, backed-up, broke, and/or was otherwise compromised, and as a direct result, caused water to intrude into the Property resulting in damage.

14. The Property and personal property within it sustained serious damage as a result of this backup (the "Loss").

15. The Insureds promptly filed a claim for the Loss with Great Lakes pursuant to the Policy.

16. Upon receiving notice of the Loss, Great Lakes assigned it Claim No. 14901555 and investigated and adjusted the Loss.

17. Following its investigation and adjustment, Great Lakes issued payment to the Insureds for $88,000 in coverage for the Loss.

18. Under the terms of the Policy and a result of its payment, Great Lakes is subrogated to and assigned the rights of its Insureds and entitled to pursue these damages herein.[2]

19. As part of issuing payment for the Loss, and in keeping with the terms of the Policy, the Insureds assigned their rights to Great Lakes, assigning any and all claims they had against the Defendants concerning the Loss (the "Assignment").

20. Great Lakes, as assignee and subrogee, and as a result of its payments for the Loss, has made demands for compensation on the Defendants for their responsibility for the Loss and resulting damages.

21. As of this date, Defendants have refused to accept any responsibility for the Loss, despite evidence that the plumbing failure was attributed to a lack of routine maintenance to the Main Stack.

22. All conditions precedent to this lawsuit have been performed, waived, and/or are otherwise excused.

23. Great Lakes, in its capacity as assignee of the Insureds, has incurred attorney's fees in connection with the below asserted claims. Accordingly, pursuant to the subject declaration of condominium and governing law, Great Lakes seeks reimbursement of its attorneys' fees and costs incurred herein.

---

[2] *See* Policy Form HO 00 06 10 00, Sections I & II – Conditions, F. Subrogation.

## COUNT I – Breach of the Condominium Declarations
## (Against Mastique)

24. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 23 above as if set forth fully herein.

25. By virtue of the Insureds purchasing the Property, they became parties to Mastique's Declaration of Condominium (the "Declaration")[3], with rights, responsibilities, and obligations thereunder along with Mastique, as the owner of the Building and Property and serving as the controlling association of both.

26. Likewise, the Declaration defines common elements as:

[T]he portions of the Condominium Property not included in the Units as defined in Florida Statute 718.108, including the land, all parts of the improvements which hare not included within the Units, all easements, and installments for the furnishing of services to more than one Unit or to the Common Elements, an easement for support in every portion of a Unit which contributes to the support of a building and any other parts of the Condominium Property designated as Common Elements in the Declaration of Condominium or any recorded exhibits thereto.

Ex. B, Sec. 4.6.

27. The Declaration likewise acknowledges Mastique's "duty to maintain and repair the Common Elements and the Association Property," further stating, "The Association shall maintain, repair and replace at the Association's expense the portions of any Unit that contribute to the support of the buildings, including but not limited to perimeter walls, columns, roofs, floors, wiring, piping, duct work and

---

[3] A true and correct copy of the Declaration is attached hereto as Exhibit B.

other mechanical or electrical or other installations or equipment serving the Common Elements or more than one unit." Ex. B, Sec. 9.1, 11.1(A).

28. It continues:

> The maintenance, repair, and replacement of the Common Elements is the responsibility of the Association and is a common expense…The Association's responsibilities include the following…(B) Water pipes up to the individual Unit cut-off valve within the Unit…(E) Sewer lines, up to the point where they enter the Unit; (F) All installations, fixtures, and equipment located within one Unit, but serving another Unit, or located outside the Unit, for furnishing of utilities to more than one Unit or the Common Elements.

Ex. B, Sec. 11.2

29. Mastique previously and repeatedly acted in acknowledgment of these duties and responsibilities by performing maintenance on the Main Stack on several occasions, though not for around a year and a half before the Loss, a delay which, by information and well-founded belief, breached its own policies and guidelines with respect to regularly scheduled maintenance.

30. Moreover, in acknowledgement of its duties and responsibility for the Loss, immediately following the Loss, Mastique retained a contractor to perform significant repairs on the Main Stack.

31. Accordingly, Mastique owed a duty to the Insureds under the Declaration with respect to inspecting, maintaining, testing, and/or repairing the

Main Stack, so as to thereby avoid any loss or damage to the Insureds resulting from it.

32. Mastique wrongfully and materially breached these duties by, among other things, (a) failing to reasonably inspect, maintain, test, and/or repair the Main Stack and associated plumbing fixtures and components, all of which are common elements as outlined above; (b) failing to warn the Insureds of dangers related to the Loss; (c) failing to stop the flow of water into the Property in a timely manner; (d) failing to timely locate and fix the Main Stack; (e) improper and/or insufficient means, methods, and/or techniques of inspection, maintaining, testing, and/or repairing the Main Stack and associated plumbing fixtures and components; etc., particularly as Mastique had knowledge of prior issues affecting the Building's plumbing system and specifically the Main Stack.

33. As a direct and proximate result of Mastique's breach, water intruded into the Property and damaged the Property and personal property located therein.

34. Additionally, as outlined above, the Insureds have assigned their claim for breach of the Declaration to Great Lakes, which is entitled to pursue such a claim herein.

35. In addition to the payment issued, Great Lakes claims additional damages in its assignee capacity, including but not limited to additional costs of repair, loss of use of the subject property and other damages incurred by the Insureds

above applicable policy sublimits, which may include loss assessments and mold related damages.

36.     Pursuant to ¶ 19.3 of the Declaration and Fla. Stat. § 718.303, Great Lakes as assignee of the Insureds is entitled to pursue and recover its reasonable attorneys' fees and costs against Mastique herein.

**WHEREFORE**, Plaintiff, Great Lakes Insurance SE, seeks entry of a judgment against Defendant Mastique II Condominium Association, Inc. for all damages incurred and awardable at law, together with costs and pre-judgment interest, reasonable attorney's fees and costs, and any other relief this Honorable Court may deem just and equitable.

## COUNT II – Negligence Against Mastique

37.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 23 above as if set forth fully herein.

38.     Pursuant to Fla. Stat. § 718.113(1), "Maintenance of the common elements is the responsibility of the Association."

39.     Under the law, common elements are defined as: (a) The condominium property which is not included within the units; (b) Easements through units for conduits, ducts, plumbing, wiring, and other facilities for the furnishing of utility services to units and the common elements; (c) An easement of support in every portion of a unit which contributes to the support of a building; and (d) The property

9

and installations required for the furnishing of utilities and other services to more than one unit or to the common elements. Fla. Stat. § 718.108(1).

40. Mastique previously and repeatedly acted in acknowledgment of these duties and responsibilities by performing maintenance on the Main Stack on several occasions, though not for around a year and a half before the Loss, a delay which, by information and well-founded belief, breached its own policies and guidelines.

41. Moreover, in acknowledgement of its duties and responsibility for the Loss, immediately following the Loss, Mastique retained a contractor to perform significant repairs on the Main Stack.

42. Accordingly, Mastique owed a duty to the Insureds under the governing statutes, and at common law, with respect to inspecting, maintaining, testing, and/or repairing the Main Stack, so as to thereby avoid any loss or damage to the Insureds resulting from it.

43. Mastique wrongfully breached these duties by its negligent actions or inactions, including among other things, (a) failing to inspect, maintain, test, and/or repair the Main Stack and associated plumbing fixtures and components, all of which are common elements as outlined above; (b) failing to warn the Insureds of dangers related to the Loss; (c) failing to stop the flow of water into the Property in a timely manner; (d) failing to timely locate and fix the Main Stack; (e) improper and/or insufficient means, methods, and/or techniques of inspection, maintaining, testing,

and/or repairing the Main Stack and associated plumbing fixtures and components; etc.

44.     As a direct and proximate result of Mastique's actions and inactions, water intruded into the Property and damaged the Property and personal property located therein.

45.     Great Lakes issued the Policy which covered the Insureds and the Property, pursuant to the Policy's terms, during the relevant period.

46.     Pursuant to the Policy, Great Lakes has paid to or on behalf of the Insureds the sum of $88,000 for the damages caused by the Loss.

47.     Under the terms of the Policy and a result of its payment, Great Lakes is subrogated to the rights of its Insureds and entitled to pursue these damages herein.

48.     Additionally, as outlined above, the Insureds have assigned their claim for negligence to Great Lakes.

WHEREFORE, Plaintiff, Great Lakes Insurance SE, seeks entry of a money judgment against Defendant Mastique II Condominium Association, Inc. for all damages so allowed by law, including fees and costs, and any other relief this Honorable Court may deem just and equitable.

## COUNT III – Negligence Against P & M

49. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 23 above as if set forth fully herein.

50. Pursuant to Fla. Stat. § 718.113(1), "Maintenance of the common elements is the responsibility of the Association."

51. Under the law, common elements are defined as: (a) The condominium property which is not included within the units; (b) Easements through units for conduits, ducts, plumbing, wiring, and other facilities for the furnishing of utility services to units and the common elements; (c) An easement of support in every portion of a unit which contributes to the support of a building; and (d) The property and installations required for the furnishing of utilities and other services to more than one unit or to the common elements.  Fla. Stat. § 718.108(1).

52. P & M was the property manager of the Building and the Property.

53. As property manager, P & M was responsible for fulfilling the above duties owed to the Insureds.

54. P & M previously and repeatedly acted in acknowledgment of these duties and responsibilities by performing maintenance on the Main Stack on several occasions, though not for around a year and a half before the Loss, a delay which, by information and well-founded belief, breached it and Mastique's own policies and guidelines.

55. Moreover, in acknowledgement of its duties and responsibility for the Loss, immediately following the Loss, P & M retained a contractor to perform significant repairs on the Main Stack.

56. Accordingly, P & M owed a duty to the Insureds under the governing statutes, and under the common law, with respect to inspecting, maintaining, testing, and/or repairing the Main Stack, so as to thereby avoid any loss or damage to the Insureds resulting from it.

57. P & M wrongfully breached these duties by its negligent actions or inactions, including among other things, (a) failing to inspect, maintain, test, and/or repair the Main Stack and associated plumbing fixtures and components, all of which are common elements as outlined above; (b) failing to warn the Insureds of dangers related to the Loss; (c) failing to stop the flow of water into the Property in a timely manner; (d) failing to timely locate and fix the Main Stack; (e) improper and/or insufficient means, methods, and/or techniques of inspection, maintaining, testing, and/or repairing the Main Stack and associated plumbing fixtures and components; etc.

58. As a direct and proximate result of P & M's negligent actions and inactions, water intruded into the Property and damaged the Property and personal property located therein.

59. Great Lakes issued the Policy which covered the Insureds and the Property during the relevant period.

60. Pursuant to the Policy, Great Lakes has paid to or on behalf of the Insureds the sum of $88,000 for the property damage/loss.

61. Under the terms of the Policy and a result of its payment, Great Lakes is subrogated to the rights of its Insureds and entitled to pursue these damages herein.

WHEREFORE, Plaintiff, Great Lakes Insurance SE, seek entry of a judgment against Defendant P & M Property Services, Inc. in the amount of $88,000, together with costs and pre-judgment interest (calculated from the date Plaintiff made payment to and/or on behalf of the Insureds), and any other relief this Honorable Court may deem just and equitable.

### COUNT IV – Vicarious Liability Against Mastique

62. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 23 above as if set forth fully herein.

63. Mastique employed P & M as its property manager with respect to the Building and the Property.

64. As part of its duties as property manager and Mastique's agent, P & M was responsible for managing the Building and Property and performing the duties under governing law and the Declaration outlined above with respect to its care and maintenance.

65. P & M's actions and inactions which caused harm to Insureds were in the performance of its duties and the scope and time of its employment as property manager.

66. As explained in Count III above, P & M's actions were negligent, breaching duties owed to the Insureds and causing them damages.

67. As the principal in the relationship, pursuant to the doctrine of *respondeat superior*, Mastique is vicariously liable for the actions of its agent and so owes damages to the Insureds for P & M's negligence.

68. Great Lakes issued the Policy which covered the Insureds and the Property during the relevant period.

69. Pursuant to the Policy, Great Lakes has paid to or on behalf of the Insureds the sum of $88,000 for the damages caused by the Loss.

70. Under the terms of the Policy and a result of its payment, Great Lakes is subrogated to the rights of its Insureds and entitled to pursue these damages herein.

WHEREFORE, Plaintiff, Great Lakes Insurance SE, seek entry of a judgment against Defendant Mastique II Condominium Association, Inc. for any and all amounts P & M is determined to be liable for, and for any other relief this Honorable Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Great Lakes demands trial by jury on all claims and issues asserted herein.

Dated: July 19, 2021.

                                        **BAKER, DONELSON, BEARMAN,**
                                        **CALDWELL & BERKOWITZ, PC**
                                        1 Financial Plaza, Suite 1620
                                        100 S.E. Third Avenue
                                        Fort Lauderdale, Florida 33394
                                        Telephone:  (954) 768-1628
                                        Telecopier:  (954) 252-2260
                                        Attorney for Plaintiff, Great Lakes

                                By: */s/ David B. Levin*
                                        David B. Levin
                                        Florida Bar No. 026394
                                        dlevin@bakerdonelson.com