UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREAT LAKES INSURANCE SE,
as assignee and subrogee of its insureds,
Stephen Elias and Pamela Elias,

       Plaintiff,

v.                                    Case No:  2:21-cv-542-JLB-NPM

MASTIQUE II CONDOMINIUM
ASSOCIATION, INC., a Florida
not-for-profit corporation, and P & M
PROPERTY SERVICES, INC.,
a Florida corporation,

       Defendants.
_____/

# ORDER

This action relates to damages to a condominium unit owned by Stephen and Pamela Elias (collectively, the "Eliases") and insured by Plaintiff Great Lakes Insurance SE ("Great Lakes").  Great Lakes paid $88,000 to cover the Eliases' losses and, as their assignee and subrogee, sued Defendants Mastique II Condominium Association, Inc. and P & M Property Services, Inc.  Defendants move to dismiss the action for lack of subject matter jurisdiction, contending that complete diversity of the parties is lacking because the Eliases are real parties in interest and Florida residents.  (Doc. 12.)  Upon careful review, the motion is **GRANTED**, and the complaint is **DISMISSED without prejudice** and with leave to amend.

## BACKGROUND

As alleged, Great Lakes is "a foreign corporation with its principal place of business in Munich, Germany," and Defendants are Florida corporations. (Doc. 1 at 2, ¶¶ 1–3.) The Eliases have an insurance policy with Great Lakes which covers real property located in Florida. (Id. at 3, ¶ 8.) The property was damaged by a water backup. (Id. at 4, ¶¶ 12–15.) The Eliases filed a claim for coverage under the policy. (Id. at ¶ 15.) Great Lakes accepted coverage and issued payment for $88,000, with the terms that the Eliases subrogate and assign to Great Lakes their rights and that Great Lakes could pursue damages against Defendants as to all the Eliases' claims relating to the loss. (Id. at 4–5, ¶¶ 16–19.)

Great Lakes issued demands for compensation and eventually filed suit against Defendants, contending that they are responsible for the damages to the property as the owner and property manager of the building. (Id. at 4–5, ¶¶ 10–11, 20–21.)[1] Defendants have moved to dismiss the complaint, contending that the Eliases, potentially Florida residents, are real parties in interest and that absent complete diversity of the parties this Court lacks subject matter jurisdiction. (Doc. 12.) Great Lakes has filed a response in opposition. (Doc. 13.)

---

[1] Great Lakes brings four counts premised on a breach of the condominium declarations, negligence, and vicarious liability. (Doc. 1 at ¶¶ 24–70.) Great Lakes asserts that this Court has jurisdiction over this action based on diversity jurisdiction. (Id. at 2, ¶ 4); 28 U.S.C. §1332(a)(2).

## LEGAL STANDARD

The party invoking federal jurisdiction must establish subject matter jurisdiction. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1207 (11th Cir. 2007). District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is complete diversity among the parties. 28 U.S.C. § 1332. When jurisdiction is based on diversity, the plaintiff's allegations must include the citizenship of each party so the court can determine that no plaintiff is a citizen of the same state as any defendant. See Travaglio v. Am. Express Co., 735 F.3d 1266, 1268 (11th Cir. 2013).

Federal Rule of Civil Procedure 17 requires that actions be brought in the name of the real party in interest. Fed. R. Civ. P. 17(a). And under Rule 19, if the joinder of an indispensable party were to destroy diversity, the court must dismiss the case. See Travelers Indem. Co. v. Westinghouse Electric Corp., 429 F.2d 77, 79–80 (5th Cir. 1970).[2] Further, a district court lacks jurisdiction over a civil action "in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359. An assignment may be collusive if the assignor retains an interest in the assigned claims, the assignee has no previous connection in the matter, and the assignment is made for the sole purpose of accessing the federal courts. Ffrench v.

---

[2] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) ("We hold that decisions of the United States Court of Appeals for the Fifth Circuit . . . as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit . . . .").

Ffrench, 781 F. App'x 930, 931–32 (11th Cir. 2019) (citations omitted). "However, where a claimant makes a bona fide, absolute transfer of his claims for the purpose of invoking federal jurisdiction, federal jurisdiction will be proper so long as the succession and transfer were actual, not feigned or merely colorable." Id. at 932 (quotation omitted). In evaluating the nature and validity of absolute transfers, courts consider the sufficiency of the consideration exchanged for the assignment. Id. (citation omitted).

## DISCUSSION

Great Lakes's allegations as to diversity jurisdiction are deficient, and dismissal without prejudice and with leave to amend is appropriate.

First, the allegations do not establish that there is diversity between Great Lakes and Defendants. Although Great Lakes alleges that Defendants are Florida corporations and Great Lakes is "a foreign corporation with its principal place of business in Munich, Germany," there is no allegation as to Great Lakes's location of incorporation. (Doc. 1 at 2, ¶¶ 1–3.) As the Eleventh Circuit has noted, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Holston Invs., Inc. B.V.I. v. LanLogistics Corp., 677 F.3d 1068, 1070 (11th Cir. 2012) (quotation omitted) (emphasis added). In other words, it is possible that Great Lakes has its principal place of business in Germany but is incorporated in Florida, which would make it a citizen of Florida as well as Germany. Accordingly, dismissal with leave to amend is necessary.

Second, Defendants contend that the Eliases are real parties in interest and that their potential Florida citizenship defeats the complete diversity of the parties. (Doc. 12 at 1.) Specifically, Defendants reason that, based on the language of the subrogation and assignment agreement, the Eliases may have suffered losses not covered by the subrogee and assignee, Great Lakes, and that they have a right to recover such losses. (Id. at 4–8.) The Court agrees that clarification is necessary.

A subrogee "stands in the shoes" of the subrogor and is entitled to all the rights of the subrogor. See Progressive Am. Ins. Co. v. United States, 913 F. Supp. 2d 1318, 1322 (M.D. Fla. 2012). As courts have explained,

> If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. If it has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest.

Pepsico Do Brasil, Ltda v. Oxy-Dry Corp., 534 F. Supp. 2d 846, 848 (N.D. Ill. 2008) (quoting United States v. Aetna Cas. & Sur. Co., 338 U.S. 366, 380–81 (1949)). In other words, in contrast to "total" subrogation, partial subrogation "forces a look at both subrogee and subrogor." Id.; see also Travelers Indemnity Co., 429 F.2d at 79–80 (affirming dismissal of partial subrogee's complaint for failure to join non-diverse subrogor); Axis Ins. Co. v. Hall, 287 F.R.D. 110 (D. Me. 2012) (finding an insured with an uncompensated loss of a deductible to be a necessary and indispensable party).

Here, Great Lakes has not pleaded any facts to establish the citizenship of the Eliases. Further, in support of its claims of subrogation and assignment, Great Lakes alleges that it paid $88,000 in coverage for the loss to the Eliases' property and that, in exchange, the Eliases subrogated and assigned their rights to Great Lakes. (Doc. 1 at 4–5, ¶¶ 16–19.) Notably, this may include potentially uninsured losses. The complaint does not include allegations as to whether there was consideration for the assignment, that the Eliases were compensated for their entire loss, or that the Eliases are precluded from receiving a portion of any recovery in this case. Accordingly, dismissal with leave to amend will be permitted to allow for clarification. It is hereby **ORDERED** that:

1. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 12) is **GRANTED**.
2. Great Lakes's Complaint (Doc. 1) is **DISMISSED without prejudice**.
3. On or before March 11, 2022, Great Lakes may file an amended complaint consistent with this Order. Failure to file an amended complaint by that date will result in the immediate dismissal of this action without further notice.

**ORDERED** at Fort Myers, Florida, on February 25, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE